# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

JACK D. CAMPBELL,

    PLAINTIFF,

v.                                                                              CASE NO.: CV-04-J-17-NE

TDY INDUSCTRIES, INC., et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the court is the defendants' motion for summary judgment (doc. 17), evidence in support of said motion (doc. 19) and memorandum in support of their motion, to which the plaintiff has responded by submitting evidence (doc. 22) and a response in opposition to said motion. The defendants thereafter filed a reply (doc. 25). Having considered the pleadings, evidence and memoranda of the parties the court finds as follows:

### I.  Factual Background

Plaintiff sues his prior employer for discrimination and retaliation, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq*.

The plaintiff was 55 years old at the time he was layed off by the defendant pursuant to a reduction in force ("RIF").  He was the oldest employee in the machine

shop. Having been employed by defendant since 1989, the plaintiff had the longest tenure of the employees in the machine shop, second only to his supervisor.[1] Plaintiff depo. at 22. The plaintiff asserts that he was included within the RIF due to his age. The defendant asserts that the plaintiff was included within the RIF because he lacked the necessary skills to competently operate the computer-based machines ("CNC machines"), which the defendant was using for more and more of its production.

The plaintiff obtained an associate degree in machine tool technology in 1992. Plaintiff depo. at 21. As part of his course of study for that degree, he had one course in the set up and programming of CNC machines. *Id*. at 24-25. The plaintiff's daily work was on manual machines. *Id*. at 65-66. The parties do not dispute that the plaintiff was competent to operate the manual machines. Similarly, the parties do not dispute that the plaintiff was competent to operate a CNC machine. Rather, the defendant asserts that the plaintiff lacked the computer skills to program a CNC machine. He had never written or edited a program for such a machine. Plaintiff depo. at 78, 82. The plaintiff asserts that he learned to program in "G code," which is used by the Cinturn Lathe in defendant's machine shop, as part of his course of study for his machinists degree. Plaintiff affidavit; plaintiff depo. at 92. He edited and operated the Cinturn Lathe while employed by defendant, but never programmed

---

[1] Robert Grilli was the machine shop supervisor and had been with the company a total of 18 years. Grilli depo. at 10-11.

it. Plaintiff affidavit; plaintiff depo. at 77.

Due to business conditions in 2002, the defendant sought to reduce its number of employees while retaining the employees with the most skills. Lebischak affidavit, at 2. This reduction was to include five of the nineteen employees in the machine shop. *Id.* Grilli was instructed to rank the machine shop employees based on performance, criticality of skill, flexibility, motivation to win and continuity of service. Grilli affidavit, at 4. Performance included the complexity of the work the employee performed. *Id*. Criticality of skill was based on the importance of the employee's skills to the company and the ability to program CNC machines was a critical skill. *Id.* Flexibility included the number of different types of machines the employee in question could operate and motivation to win addressed the employee's attitude toward the company. *Id,* at 4-5. The five employees with the worst scores each lacked the ability to program a variety of CNC machines and were thus chosen for the RIF. Grilli affidavit, at 6; *see* exhibit A to Grilli affidavit. Other than the plaintiff, the employees laid off were between 32 and 39 years of age. Moore affidavit, at 2.

The plaintiff disputes the defendant's evidence that he lacked critical skills, and states that he could and did operate, edit and perform some operating steps on a number of CNC machines. Plaintiff affidavit. He states in his affidavit that he edited

CNC machines, although in his deposition the plaintiff testified that he never modified a program, as this required a supervisor's approval. Plaintiff affidavit; plaintiff depo. at 79-81, 95. The plaintiff further disputes the list of machines that he could operate compiled by Grilli because it does not include the CNC machines he could run. Plaintiff affidavit.

The plaintiff also alleges that he was not given the opportunity to gain proficiency needed to go to training for the newer CNC machines programming. Plaintiff affidavit; *see also* plaintiff depo. at 87, 126. According to the plaintiff, younger machinists were given the opportunity to gain proficiency and training, but the plaintiff's requests for the same treatment were ignored. Plaintiff affidavit; plaintiff deposition at 105-106, 108, 110, 114-115, 125-126.

The selected employees were notified of the layoff on September 17, 2002. Plaintiff depo. at 129. One of the other four employees laid off during the RIF was recalled on October 2, 2002. The plaintiff filed a charge of discrimination with the EEOC on February 27, 2003 and an amended charge on June 6, 2003, claiming he was not recalled to work be the defendant in retaliation for his February, 2003 charge.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*,

5

475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III.  LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers the plaintiff's claims.

The plaintiff must establish that he belonged to the protected class, he was subjected to an adverse employment action, he was qualified for his job and was replaced or otherwise lost his job to a younger individual. *Chapman v. AI Transport,* 229 F.3d 1012, 1024 (11th Cir.2000); *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1329-30 (11th Cir.1998). In the context of a reduction in force, the plaintiff may show that he was qualified for his job or to assume another position. *See e.g., Mitchell v. USBI Co.*, 186 F.3d 1352, 1354 (11th Cir.1999), citing *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir.1997).

Assuming plaintiff meets this burden, the defendant must articulate a legitimate, non-discriminatory reason for its employment decision. *Steger v. General Electric Co.,* 318 F.3d 1066, 1075 (11th Cir. 2003). An employer cannot prevail where the

"legitimate reason did not sufficiently motivate the employer at the time of the decision." *Id.*, citing *Speedy v. Rexnord Corp.*, 243 F.3d 397, 403 (11th Cir.2001). Under Eleventh Circuit law, the plaintiff must prove only that his age "made a difference" in the defendant's decision to terminate him. *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1335 (11th Cir.1999).

The parties do not dispute that the plaintiff's age placed him within the protected class. They also do not dispute that he was subjected to an adverse employment action or that he was qualified to operate a manual machine. However, because the defendant no longer needed manual machinists, the plaintiff must show that he was qualified for another available job with the defendant. *Earley v. Champion International Corp.*, 907 F.2d 1077, 1082 (11th Cir. 1990). The parties dispute the plaintiff's qualifications to operate a CNC machine.[2] However, as the Eleventh Circuit Court of Appeals explained in *Standard v. A.B.E.L.*, the employer's perception of the plaintiff's abilities, and not his own beliefs concerning those abilities, is the appropriate inquiry. *Id.,* 161 F.3d at 1332-33. The fact that the plaintiff disagrees with Grilli's evaluation of his skills does not establish pretext

---

[2]The court notes that the plaintiff disputes defendant's classification of machinists as "manual" or "CNC," claiming no such designation of machine shop employees was used by the defendant. However, whether the defendant actually had such a designation for its employees is not material to the issue of whether the defendant believed the plaintiff was qualified to operate a CNC machine. His classification as a "senior machinist" does not address this issue. See plaintiff's brief in opposition at 9-10.

sufficient to satisfy the plaintiff's burden to demonstrate a prima facie case. *Id.* The plaintiff's personal opinion of his own job qualifications is not sufficiently probative on the issue of pretext. *Holifield v. Reno*, 115 F.3d 1555,1565 (11th Cir.1997). This court's place is not to second guess the decisions of employers, as long as those decisions are not based on discriminatory reasons. *Davis v. Town of Lake Park, Florida*, 245 F.3d 1232, 1244 (11th Cir.2001). *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997) ("federal courts do not sit to second-guess the business judgment of employers").

The plaintiff also alleges that he was not assigned the necessary time to obtain proficiency on the CNC machines because of his age. Thus, he concludes, he was discriminated against in training because of his age, which led to his layoff. Plaintiff's brief in opposition, at 11-12. The court finds that the plaintiff did not raise this allegation in either of his EEOC charges and he therefore barred from raising it now.

Although the plaintiff alleged a claim for retaliation in his complaint, the undisputed evidence demonstrates that the plaintiff did not file his first EEOC charge until after Dwight Rayburn was recalled to work. Therefore, the plaintiff's allegation in his second EEOC charge, that he was not recalled in retaliation for his first EEOC charge, is unsupported by the evidence.$^{3}$ Furthermore, the plaintiff having failed to

---

$^{3}$When asked at his deposition whether he had "any reason to claim that the company retaliated against you for any reason in not recalling you," the plaintiff stated only that "I would

raise his claim of retaliation in his brief in opposition to the defendants' motion for summary judgment, the court finds said claim has been waived. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1284 (11th Cir.2003); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir.2001).

## IV. CONCLUSION

Having considered the foregoing, and being of the opinion that the defendant's motion for summary judgment is due to be granted, the court shall grant said motion by separate Order.

**DONE** and **ORDERED** this the 19th day of January, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

assume because of my age, one thing" and that "I don't know why they didn't call me back." Plaintiff depo. at 131.